IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**RODNEY RUCKER**                                                                                **PLAINTIFF**

**VS.**                           **CIVIL ACTION NO.: 3:22-CV-00113-MPM-JMV**

**CITY OF SENATOBIA, ET AL.**                                               **DEFENDANTS**

### ANSWER AND AFFIRMATIVE DEFENSES OF MUNICIPAL DEFENDANTS TO PLAINTIFF'S COMPLAINT

Municipal Defendants the City of Senatobia, Mississippi, James Marshall, John Johnson, and William Carter ("Municipal Defendants") submit this Answer and Affirmative Defenses to Plaintiff Rodney Rucker's ("Plaintiff") complaint ("complaint").

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted, in whole or in part.

### SECOND AFFIRMATIVE DEFENSE

Municipal Defendants plead all applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff did not exhaust his administrative remedies under federal or state law for some or all of their allegations, claims, or theories, those allegations, claims, or theories may not be pursued in this action.

### FOURTH AFFIRMATIVE DEFENSE

The alleged deprivations of Plaintiff's rights did not occur through, nor were they caused by, an established policy or custom of the City of Senatobia, Mississippi. Therefore, there is no municipal liability under federal law.

### FIFTH AFFIRMATIVE DEFENSE

Municipal Defendants affirmatively plead that an award of punitive damages would violate the United States and Mississippi Constitutions.

### SIXTH AFFIRMATIVE DEFENSE

Municipal Defendants plead the defenses of good faith and/or honest belief.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's claims are barred by the doctrines of collateral, equitable, and/or judicial estoppel and/or res judicata.

### EIGHTH AFFIRMATIVE DEFENSE

Municipal Defendants plead after-acquired evidence.

### NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to comply with his duty to mitigate his request for damages, his entitlement to which is expressly denied, such damages must be reduced.

### TENTH AFFIRMATIVE DEFENSE

Municipal Defendants possess sovereign, absolute, and/or qualified immunity from suit and/or liability and/or damages.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks special damages, such damages have not been specifically stated.

### TWELFTH AFFIRMATIVE DEFENSE

Municipal Defendants are entitled to an award of attorney's fees because this action is vexatious and was brought in bad faith.

### THIRTEENTH AFFIRMATIVE DEFENSE

Municipal Defendants plead all statutory damage caps, including those applicable to requests for compensatory and punitive damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

Municipal Defendants plead the doctrine of unclean hands.

### FIFTEENTH AFFIRMATIVE DEFENSE

Municipal Defendants acted in good faith at all times in their conduct toward Plaintiff, and Plaintiff's own actions, or the actions of a third party for whom Municipal Defendants are not responsible, were the proximate and superseding cause of any damages Plaintiff may have sustained. Municipal Defendants invoke all applicable contribution and comparative fault principles.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by *Heck v. Humphrey*, 512 U.S. 477 (1994).

### ANSWER

Without waiving any affirmative defenses, and reserving the right to assert further affirmative defenses as they become evident through discovery or further investigation, Municipal Defendants respond to the second amended complaint as follows:

The first unnumbered paragraph beginning with, "comes now . . . " does not appear to require a response, but, to the extent a response is required, the allegations are denied.

### I. PARTIES

1. Municipal Defendants deny the allegations contained in paragraph 1 of the complaint for lack of sufficient information.

2. Municipal Defendants admit the allegations contained in paragraph 2 of the complaint.

3. Municipal Defendants deny the allegations contained in paragraph 3 of the complaint as stating legal conclusions.

4. Municipal Defendants deny the allegations contained in paragraph 4 of the complaint as stating legal conclusions.

5. Municipal Defendants deny the allegations contained in paragraph 5 of the complaint as stating legal conclusions.

## II.  JURISDICTION AND VENUE

6. Municipal Defendants deny the allegations contained in paragraph 6 of the complaint as stating legal conclusions.

7. Municipal Defendants deny the allegations contained in paragraph 7 of the complaint as stating legal conclusions.

## III.  FACTUAL ALLEGATIONS

8. Municipal Defendants admit the allegations contained in paragraph 8 of the complaint.

9. Municipal Defendants deny the allegations contained in paragraph 9 of the complaint for lack of sufficient information.

10. Municipal Defendants deny the allegations contained in paragraph 10 of the complaint for lack of sufficient information.

11. Municipal Defendants deny the allegations contained in paragraph 11 of the complaint.

12. Municipal Defendants deny the allegations contained in paragraph 12 of the complaint.

13. Municipal Defendants deny the allegations contained in paragraph 13 of the complaint.

14. Municipal Defendants deny the allegations contained in paragraph 14 of the complaint.

15. Municipal Defendants admit the allegations contained in paragraph 15 of the complaint.

16. Municipal Defendants admit the allegations contained in paragraph 16 of the complaint.

17. Municipal Defendants admit the allegations contained in paragraph 17 of the complaint.

18. Municipal Defendants admit the allegations contained in paragraph 18 of the complaint.

19. Municipal Defendants admit the allegations contained in paragraph 19 of the complaint.

20. Municipal Defendants admit the allegations contained in paragraph 20 of the complaint.

21. Municipal Defendants admit the allegations contained in paragraph 21 of the complaint.

22. Municipal Defendants admit the allegations contained in paragraph 22 of the complaint.

23. Municipal Defendants admit the allegations contained in paragraph 23 of the complaint.

24. Municipal Defendants admit the allegations contained in paragraph 24 of the complaint.

25. Municipal Defendants admit the allegations contained in paragraph 25 of the complaint.

26. Municipal Defendants admit the allegations contained in paragraph 26 of the complaint.

PD.39855610.1

27. Municipal Defendants deny the allegations contained in paragraph 27 of the complaint as characterized.

28. Municipal Defendants deny the allegations contained in paragraph 28 of the complaint and footnote 28.

29. Municipal Defendants admit the allegations contained in paragraph 29 of the complaint.

30. Municipal Defendants deny the allegations contained in paragraph 30 of the complaint as characterized and for lack of sufficient information.

31. Municipal Defendants admit the allegations contained in paragraph 31 of the complaint.

32. Municipal Defendants admit the allegations contained in paragraph 32 of the complaint.

33. Municipal Defendants admit the allegations contained in paragraph 33 of the complaint.

34. Municipal Defendants deny the allegations contained in paragraph 34 of the complaint as incomplete.

35. Municipal Defendants admit the allegations contained in paragraph 35 of the complaint.

36. Municipal Defendants deny the allegations contained in paragraph 36 of the complaint as incomplete.

37. Municipal Defendants admit the allegations contained in paragraph 37 of the complaint.

38. Municipal Defendants deny the allegations contained in paragraph 38 of the complaint.

PD.39855610.1

39. Municipal Defendants deny the allegations contained in paragraph 39 of the complaint as incomplete.

40. Municipal Defendants admit the allegations contained in paragraph 40 of the complaint. Municipal Defendants further deny the allegations contained in footnote 30 for lack of sufficient information.

41. Municipal Defendants deny the allegations contained in paragraph 41 of the complaint.

42. Municipal Defendants admit the allegations contained in paragraph 42 of the complaint.

43. Municipal Defendants deny the allegations contained in paragraph 43 of the complaint.

44. Municipal Defendants deny the allegations contained in paragraph 44 of the complaint and footnote 34.

45. Municipal Defendants admit the allegations contained in paragraph 45 of the complaint.

46. Municipal Defendants deny the allegations contained in paragraph 46 of the complaint and footnote 36 as stated.

47. Municipal Defendants deny the allegations contained in paragraph 47 of the complaint as incomplete.

48. Municipal Defendants deny the allegations contained in paragraph 48 of the complaint as characterized.

49. Municipal Defendants admit the allegations contained in paragraph 49 of the complaint.

50. Municipal Defendants admit the allegations contained in paragraph 50 of the complaint.

51. Municipal Defendants deny the allegations contained in paragraph 51 of the complaint.

52. Municipal Defendants deny the allegations contained in paragraph 52 of the complaint.

53. Municipal Defendants deny the allegations contained in paragraph 53 of the complaint.

54. Municipal Defendants admit the allegations contained in paragraph 54 of the complaint.

55. Municipal Defendants deny the allegations contained in paragraph 55 of the complaint.

56. Municipal Defendants deny the allegations contained in paragraph 56 of the complaint.

57. Municipal Defendants deny the allegations contained in paragraph 57 of the complaint.

58. Municipal Defendants deny the allegations contained in paragraph 58 of the complaint.

59. Municipal Defendants admit the allegations contained in paragraph 59 of the complaint.

60. Municipal Defendants admit the allegations contained in paragraph 60 of the complaint.

61. Municipal Defendants deny the allegations contained in paragraph 61 of the complaint.

62. Municipal Defendants admit the allegations contained in paragraph 62 of the complaint.

63. Municipal Defendants deny the allegations contained in paragraph 63 for lack of sufficient information.

### IV. CAUSES OF ACTION

64. Municipal Defendants deny the allegations contained in paragraph 64 of the complaint.

65. Municipal Defendants deny the allegations contained in paragraph 65 of the complaint.

66. Municipal Defendants deny the allegations contained in paragraph 66 of the complaint.

67. Municipal Defendants deny the allegations contained in paragraph 67 of the complaint.

68. Municipal Defendants deny the allegations contained in paragraph 67 of the complaint.

69. Municipal Defendants deny the allegations contained in paragraph 68 of the complaint.

70. Municipal Defendants deny the allegations contained in paragraph 70 of the complaint.

71. Municipal Defendants deny the allegations contained in paragraph 71 of the complaint.

72. Municipal Defendants deny the allegations contained in paragraph 72 of the complaint.

73. Municipal Defendants deny the allegations contained in paragraph 73 of the complaint.

## V. Request for Relief

The allegations contained in the unnumbered paragraph beginning "Wherefore, premises considered . . ." do not appear to require a response. To the extent a responses is required, Municipal Defendants deny the allegations and further deny that Plaintiff is entitled to any relief whatsoever.

Consistent with the answers and affirmative defenses set forth herein, Municipal Defendants request that the complaint be dismissed, with all costs taxed to Plaintiffs and an award of attorney's fees be provided to Municipal Defendants.

THIS the 16th day of September, 2022.

Respectfully submitted,

PHELPS DUNBAR LLP

BY: /s/ *Mallory K. Bland*
G. Todd Butler, MB #102907
Mallory K. Bland, MB #105665
4270 I-55 North
Jackson, Mississippi 39211-6391
Post Office Box 16114
Jackson, Mississippi 39236-6114
Telephone: 601-352-2300
Telecopier: 601-360-9777
Email: todd.butler@phelps.com
Email: mallory.bland@phelps.com

**ATTORNEYS FOR MUNICIPAL DEFENDANTS**

- 10 -

PD.39855610.1

## CERTIFICATE OF SERVICE

I certify that, on September 16, 2022, I had this Answer and Affirmative Defenses electronically filed with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all counsel of record.

*/s/ Mallory K. Bland*
Mallory K. Bland