# Senatobia Police Department Policies and Procedures

## Interview - Policy
Officers of The Senatobia Police Department perform interviews and searches in a professional and courteous manner, without compromising their own safety or the safety of others, and without harassment or undue embarrassment to the public.

## Discussion:
Interviews, whether performed in the field or office, are an important technique for officers to use in preventing and investigating criminal activity. It may be necessary for officers to search those being questioned in order to protect their own safety. Field interviews and searches can be perceived by some as unnecessary or discriminatory police harassment even when conducted with respect and in strict compliance with reasonable policies and procedures, and the law. In order to maintain the effectiveness and legitimacy of this practice and to protect the safety of officers who must approach and deal with suspicious individuals, officers' conduct field interviews and searches in conformance with procedures set forth in this policy and procedure manual.

## Definitions:

- *Field Interview* - The brief detainment of an individual, whether on foot or in a vehicle, based on *reasonable suspicion,* for the purposes of determining the individual's identity and resolving the officer's suspicions concerning criminal activity.

- *Probable Cause* - Reasonable grounds for belief that a suspect or accused person may be subject to arrest or the issuance of a warrant. Contrast to *reasonable suspicion,* which is a much lower standard.

- *Reasonable Suspicion* - A reasonable officer is lead to suspect that criminal activity has been, is being, or is about to be committed given the facts and circumstances of the situation. *Reasonable suspicion* may also apply to otherwise legal issues, such as a reasonable suspicion that the person being interviewed is in possession of a weapon [legal or otherwise]. Contrast to *probable cause,* which is a much higher standard.

- *Body Cavity Search* - A strip search that involves probing the mouth, anus, and genitals of the individual for weapons, contraband, or concealed evidence.

- *Terry Pat Search* - A "frisk" or external Pat of the outer garments and the genitals, buttocks, and breasts of an individual for weapons, contraband, or concealed evidence,

- *Strip Search* - A visual inspection of an unclothed individual for weapons, contraband, wounds, abuse, suicide attempts, or concealed evidence.

**RESTRICTED LAW ENFORCEMENT DATA**
This data is proprietary and will not be duplicated, disclosed, or discussed without the written permission of this agency.
Data subject to this restriction is contained throughout this publication.

Exhibit "M"                                                                        DEF-00169

## Senatobia Police Department Policies and Procedures

## PROCEDURES:

### Justification for Conducting a Field Interview:

Officers may stop individuals for the purpose of conducting a *field interview* only when *reasonable suspicion* is present. In establishing reasonable suspicion an officer must be able to describe facts or observations that, when taken together with common sense, reasonably justify the stop. Such facts or observations may include, but are not limited to the following:

1. Appearance or behaviors that suggest the person is part of a criminal activity or enterprise or is engaged in a criminal act.
2. Observed behavior or circumstance that suggests the individual is impaired, injured, or otherwise at risk.
3. Hour of day or night is inappropriate for the suspect's presence in the area.
4. Individual's presence or activity in a neighborhood or location is inappropriate.
5. Suspect is carrying a suspicious object.
6. Suspect's clothing bulges in a manner that suggests he or she is carrying a weapon.
7. Suspect is located in proximate time and place to an alleged crime.
8. Officer has knowledge of the suspect's prior criminal record or involvement in criminal activity.
9. Suspect flees at the sight of a police officer under conditions that suggest a specific criminal activity.

### Procedures for Initiating a Field Interview:

Officers may stop and interview individuals after observing suspicious behaviors or circumstances following these general guidelines:

1. When approaching individuals, officers should clearly identify themselves as a law enforcement officer and display agency identification, unless clearly dressed in full uniform.
2. Officers observe the stopped individuals carefully for movement to retrieve weapons, conceal or discard contraband, or any other questionable actions.
3. Before approaching a group of individuals, the observing officer should determine whether the circumstances warrant a request for *backup assistance* and whether contact with the observed group can and should be delayed until assistance arrives.
4. Officers confine their questions to those concerning individual identity, place of residence, and other inquiries necessary to resolve the officer's suspicions. Officers may not detain individual(s) longer than reasonably necessary to resolve outstanding issues.
5. Officers are not required to give Constitutional rights and warnings (*Miranda* and/or *juvenile*) in order to conduct field interviews, unless there is *probable cause* to believe the person is considered a *suspect of a specific crime*, and the individual *is not free to leave the presence of the officer*. When the individual becomes a *suspect* and the officer decides that the individual may not leave, the officer reads all required warnings to the suspect(s) and provides those rights unless specifically waived by the suspect(s).
6. Stopped individuals *are not* required to answer any questions posed during field interviews. Failure to respond to an officer's inquiries is **not sufficient** grounds for arrest, or to stop the individual(s) from leaving. Likewise, individuals are not required to stay in the presence of an officer unless they are suspects, and you advise them that they are not free to go. Such refusal may be sufficient justification for additional observation and investigation.
7. If the officer has no basis for making an arrest, the officer should record the facts of the interview in the officer's field notebook or use a Field Contact Card for later reference.

**RESTRICTED LAW ENFORCEMENT DATA**

This data is proprietary and will not be duplicated, disclosed, or discussed without the written permission of this agency. Data subject to this restriction is contained throughout this publication.

DEF-00170