IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER RUSANOWSKY, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-1132-K |
| | § | |
| | § | |
| THE CITY OF DALLAS and SGT. ROGER A. RUDLOFF | § § | |
| *Defendants*. | § § | |

**DEFENDANT SGT. ROGER A. RUDLOFF'S REPLY IN SUPPORT OF HIS MOTION TO STRIKE PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE**

TO THE HONORABLE COURT:

Defendant Sgt. Roger A. Rudloff ("Sgt. Rudloff") respectfully submits this Reply in support of his Motion to Strike Plaintiff's Summary Judgment Evidence (ECF No. 63, "Motion") and requests that this Court strike Plaintiff's Declarations from evidence in the Parties' summary judgment motions.

## I. ARGUMENTS AND AUTHORITIES

Plaintiff's Response relies almost exclusively on merely persuasive authority—not controlling Fifth Circuit case law or the weight of decisions in this District—to argue his evidence is competent for summary judgment purposes. Further, Plaintiff fails to properly request amending and/or supplementing his evidence and should therefore not be permitted to do so.

In sum, nothing in the Response shows either that Plaintiff's Declarations meet the statutory requirements to be admissible evidence or that Plaintiff has met the Fifth Circuit's

1

requirements of good cause for a second chance to proffer same. Therefore, Plaintiff's Declarations should be stricken.

### a. Plaintiff cites no controlling authority that supports his Declarations' employment of statements of fact couched in qualified terms.

Sgt. Rudloff's Motion cites *four cases* from the Fifth Circuit holding that a Declaration pursuant to 28 U.S.C. § 1746 is not competent summary judgment evidence if it is attested to with the language that the facts alleged are true based on some iteration of "to the best of my knowledge and belief."[1] Mot. pp. 2-3 (citing *Nguhlefeh Njilefac v. Garland*, 992 F.3d 362, 364 n.1 (5th Cir. 2021); *Bolen v. Dengel*, 340 F.3d 300, 313 (5th Cir. 2003); *Henderson v. Dep't of Pub. Safety & Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990); *Brown v. Barnhill*, 191 F. App'x 281 (5th Cir. 2006).)

Illustratively, and fatally, Plaintiff's Response (ECF No. 64) cites *no case law* from the Fifth Circuit that specifically addresses and permits the use of similarly conditioning language. Plaintiff instead relies on district court opinions—most of which are unreported decisions from other federal districts—and regardless of how well reasoned they may be, they are not controlling. *See, e.g.* Resp. p. 3 (citing *Steward v. Janek*, 315 F.R.D. 472, 477 (W.D. Tex. 2016) (finding that "to the best of [declarant's] knowledge" sufficient under 28 U.S.C. § 1746.)

However, the weight of case law within the federal courts in Texas—this Court most notably—have reached the opposite conclusion.[2] *See, e.g. Okoroji v. United States*, No. 3:15-CR-559-O, 2021 WL 3615733, at *3 (N.D. Tex. Aug. 16, 2021) ("The Court notes that movant's purported declarations are made on 'knowledge, information and belief,' and do not meet the requirements of 28 U.S.C. § 1746.") (citations omitted); *Brown v. Armendariz*, No. CIVA 307CV-2154-O BH, 2009 WL 812149, at *9 (N.D. Tex. Mar. 26, 2009) (rejecting sections of sworn

---

[1] Sgt. Rudloff cites several additional Fifth Circuit cases holding same below.
[2] Sgt. Rudloff provides similar district court authority in his Motion. Mot. pp. 3-4.

complaint prefaced with "[u]pon information and belief."); *Houston v. Camp Kiowa & Lone Oak Ranch & Retreat*, No. 419CV00183ALMCAN, 2020 WL 5919738, at *5 (E.D. Tex. May 22, 2020), *report and recommendation adopted sub nom. Houston v. Camp Kiowa*, No. 4:19-CV-183, 2020 WL 3637802 (E.D. Tex. July 6, 2020) ("Exhibit H is expressly based upon information and belief, and therefore fails the technical requirements of Rule 56."); *Stuntz v. Ashland Elastomers, LLC*, No. 1:14-CV-00173-MAC, 2019 WL 6002192, at *2 (E.D. Tex. Feb. 22, 2019) ("A statement is not within a declarant's personal knowledge if the statement is based on information and belief.") (citing *De la O v. Housing Auth. of El Paso,* 417 F.3d 495, 502 (5th Cir. 2005)); *see also Jameson v. Jameson*, 176 F.2d 58, 60 (D.C.Cir.1949) ("Belief, no matter how sincere, is not equivalent to knowledge.")

Lastly, Plaintiff cites Fifth Circuit case law for the unremarkable proposition that there "is not requirement for a set of *magic words*" for a declaration to be admissible. Resp. pp. 6-7 (citing *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005) (emphasis added).) But while the statute at issue does not impose some sort of rote, "every jot and tittle" replication of language, the case law so lopsidedly disfavors qualifiers like "upon information and belief" or "based upon the best of my knowledge" because each such statement reveals that the facts alleged are "not based on personal knowledge and therefore fail[] the requirements of summary judgment evidence." *In re Dengel*, 340 F.3d 300, 313 (5th Cir. 2003); *see also Richardson v. Oldham*, 12 F.3d 1373, 1378–79 (5th Cir. 1994) (affirming the striking of an affidavit "based on knowledge and belief" even though "non-movant's affidavits should not be held to as strict a standard as those of the movant for summary judgment.")[3]

---

[3]Notably, *Garner's Dictionary of Legal Usage* contrasts "personal knowledge" with "information" and "knowledge" by explaining that "[p]ersonal knowledge denotes *much more narrowly* a fact or cluster of facts acquired by firsthand observation of or participation in events being inquired into, coupled with a credible degree of recollection." *Knowledge*, *Garner's Dictionary of Legal Usage* 512 (3d ed. 2011) (emphasis added) (italics omitted).

Therefore, while a handful of contravening, noncontrolling authorities exist, Fifth Circuit and most federal case law prohibit qualifiers in sworn evidence for summary judgment purposes.

### b. Plaintiff has not met the Fifth Circuit's "good cause" standard for supplementing his evidence.

The final paragraph of Plaintiff's Response is an offhanded request to amend his evidence:

> Lastly, even if the Court finds that strict compliance with Section 1746 is necessary, striking or ignoring the declarations in their entirety is an unwarranted and harsh remedy. Rather, Rule 56(e) authorizes the court to give Plaintiff "an opportunity to properly support" any assertions of fact drawn from the challenged declarations. Fed. R. Civ. P. 56 (e)(1). Plaintiff can cure the purported defects in his declarations by striking the surplus language from the declarations and refiling them with the Court. Should the Court so desire, Plaintiff respectfully requests leave to do so.

Resp. p. 7.

However, under Fifth Circuit case law, this "request" is insufficient to warrant a second bite at the evidentiary apple.

First, Plaintiff has not filed a motion under Rule 56(e) to supplement the record, thus, at the very least, not complying with local rules regarding conferencing. N.D.Tex.L.R. 7.1. Therefore, Plaintiff's requested relief is not properly before the Court.

Second, and more critically, Plaintiff has failed to provide "good cause" to justify supplementation. Federal Rule of Civil Procedure 56(e)(1) indeed allows courts to give a party who has previously failed to properly support or address an assertion of fact as required by Federal Rule of Civil Procedure 56(c)(2) the opportunity to properly support the fact. But the Fifth Circuit considers the Federal Rule of Civil Procedure 16(b)(4) factors when determining whether to allow an amended or supplemental response to a summary judgment. *See Shepherd on behalf of Est. of Shepherd v. City of Shreveport*, 920 F.3d 278, 287 (5th Cir. 2019). Under Rule 16(b)(4), a

4

scheduling order may only be modified upon a showing of "good cause" and with a judge's consent. *Id*.

The Fifth Circuit contemplates four factors in determining whether "good cause" exists to grant a motion to supplement a report considered at summary judgment: "(1) the explanation for the failure to submit a complete report on time; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Id*. (citations omitted). Plaintiff's Response addresses none of these factors but simply claims that he "can cure the purported defects in his declarations by striking the surplus language from the declarations and refiling them with the Court." Resp. p. 7.

While courts look to several factors for determining whether sufficient "good cause" exists to justify modifying a scheduling order, courts focus overwhelmingly on a party's diligence in meeting prior deadlines. *See Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) ("To show good cause, the party seeking to modify the scheduling order has the burden of showing that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.") (internal quotation marks omitted)); *Puig v. Citibank N.A.*, 514 F. App'x 483, 488 (5th Cir. 2013) (per curiam) ("[T]o determine whether the district court abused its discretion in finding no good cause to modify its scheduling order, we look to the [party's] diligence in [obtaining compliance] within the scheduling order's timeline;") *see also E.E.O.C. v. Serv. Temps, Inc.*, No. 3:08-CV-1552-D, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009), *aff'd*, 679 F.3d 323 (5th Cir. 2012) (stating that the court must "remember at all times that the good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order.")

A court's decision to grant leave to supplement summary judgment evidence is reviewed under an abuse of discretion standard. *Snapt Inc. v. Ellipse Communs. Inc.,* 430 Fed. Appx. 346,

352 (5th Cir. 2011). "A court does not abuse its discretion when it refuses to accept untimely declarations offered in support of a motion for summary judgment." *Olibas v. Barclay*, No. 3:11-CV-2388-F, 2013 WL 12143945, at *1 (N.D. Tex. May 10, 2013) (citing *See Farina v. Mission Inv. Trust,* 615 F.2d 1068, 1076 (5th Cir. 1980). Furthermore, "a court may deny a motion for leave to supplement summary judgment evidence if, among other things, it concludes that the movant's explanation of its tardiness is unpersuasive or if the movant lacked diligence in presenting its pleading." *Id*. (citing *Snapt Inc. v. Ellipse Communs. Inc.,* 430 Fed. Appx. 346, 352 (5th Cir. 2011).)

In *Shepherd*, the Fifth Circuit upheld the district court's refusal to allow plaintiff extra time to submit new evidence where she simply could not explain why it was necessary:

> In this case, the first two factors weigh strongly in favor of affirming the district court's decision. Ms. Shepherd offered no explanation for why the supplemental materials were not included in the first brief other than the statement that "[p]laintiff was unable to fully set forth all the grounds" in her original opposition brief. And she did not explain why the addition to the expert's report was not ready to be timely submitted.

*Shepherd*, 920 F.3d at 288.

This Court recently did likewise in refusing several plaintiffs' attempt to supplement the record where, *inter alia*, they did not offer justifications under Rule 16(b)(4) or seek an extension prior to the deadline:

> Plaintiffs do not directly address the fourth "good cause" factor but suggest denying their Motion to Extend will result in prejudice to Plaintiffs. Plaintiffs aver, the "availability of a continuance to remedy [the] prejudice" from Defendants' Motion for Summary Judgment filing "has passed" since the MSJ Deadline . . . [H]owever, Plaintiffs fail to explain "why they did not ask for a corresponding extension of the deadline to file motions for summary judgment at the time of [a Rule 11 agreement] or any time before the deadline passed."

*Talon Mgmt. Servs. LLC v. Goliath Asset Mgmt., LLC*, No. 2:21-CV-049-Z-BR, 2022 WL 5432744, at *2–3 (N.D. Tex. Mar. 10, 2022)

6

Here, not only has Plaintiff failed to comply with the letter and spirit of 28 U.S.C. § 1746, he has not properly sought relief to modify and/or supplement his evidence. He has not offered any explanation for why such a supplementation would meet the four "good cause" factors or even offered concrete assurances that the Declarants would submit to swearing under penalty of perjury not based on the loose "the best of their knowledge" standard, but rather on the rigorous actual knowledge standard. Most importantly, Plaintiff has not explained how his actions met the Fifth Circuit's "diligence" standards by explaining why the deadlines were not met.

"District courts must have the power to control their dockets by holding litigants to a schedule." *Shepherd*, 920 F.3d at 288 (citing *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir. 1997)). Indeed, district court are empowered "to control their dockets by refusing to give ineffective litigants a second chance to develop their case." *Reliance Ins. Co.*, 110 F.3d at 258 (citing *Turnage v. Gen. Elec. Co.*, 953 F.2d 206, 208-09 (5th Cir. 1992)). In addition to granting an opportunity to properly support a claim of fact, Rule 56(e) empowers this Court with other options: "(2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or (4) issue any other appropriate order." Fed. R. Civ. P. 56(e). Plaintiff should not be permitted to procure and produce critical evidence well outside of this Court's scheduling order, particularly without any efforts at justifying same, and Sgt. Rudloff respectfully requests that this Court strike or ignore the Declarations as Rule 56(e) permits.

And lastly, allowing yet more evidence in an already protracted litigation "gives short shrift to the requirement that qualified immunity must be adjudicated at the earliest possible opportunity." *Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022) (citation omitted.) This Court has already given Plaintiff more than enough leeway to develop his case, including in obtaining

7

significant discovery even where "[o]ne of the most important benefits of the qualified immunity defense is protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Id*. at 310 (cleaned up.)

As such, Plaintiff's request to modify his summary judgment evidence should be denied.

## II.     CONCLUSION

WHEREFORE, Defendant Sgt. Roger A. Rudloff prays the Court grant this motion, and either strike or ignore the Plaintiff Declaration, the Seipp Declaration, and the Supplemental Declaration in either support of Plaintiff's Partial Motion for Summary Judgment (ECF No. 46) or in opposition to Defendant Sgt. Roger A. Rudloff's Motion for Summary Judgment (ECF No 49).

Respectfully submitted,

CITY ATTORNEY OF THE CITY OF DALLAS

TAMMY L. PALOMINO
Interim City Attorney

*s/ J. Cheves Ligon*
J. Cheves Ligon
Senior Assistant City Attorney
Texas State Bar No. 24070147
john.ligon@dallas.gov

7DN Dallas City Hall
1500 Marilla Street
Dallas, Texas 75201
Telephone:   214-670-3519
Telecopier:   214-670-0622

*Attorneys for Defendant Sgt. Roger A. Rudloff*

8

## CERTIFICATE OF SERVICE

      I certify that on August 1, 2023, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the CM/ECF electronic case filing system of the court. The electronic case filing system will send a "Notice of Electronic Filing" notification to all case participants registered for electronic notice, including all *pro se* parties and/or attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means. I further certify that I have served to the extent applicable all case participants not registered for electronic notice by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*s/ J. Cheves Ligon*
Senior Assistant City Attorney