## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

**RODNEY RUCKER**                                                              **PLAINTIFF**

**v.**                                                                      **No. 3:22-cv-00113-MPM-JMV**

**CITY OF SENATOBIA, et al.**                                      **DEFENDANTS**

### ORDER

This case is presently before the Fifth Circuit, following the appeal of the Court's denial of qualified immunity as to Defendants William Carter in his individual capacity, Terreous "TJ" Johnson in his individual capacity, and James Marshall in his individual capacity. [102] The Court notes that a Motion to Exclude Expert Testimony [71] and three Motions in Limine [89, 90, 91] are or will be listed as pending motions on its "six-month list" under the Civil Justice Reform Act. The Court lacks jurisdiction to address the motions as the Fifth Circuit has jurisdiction over the case. Therefore, purely for administrative and reporting purposes, the Court will administratively close these motions to reflect the Court's present inability to rule on the motions. The Court notes that the Fifth Circuit appears to have endorsed the administrative closure device, writing in one decision that:

> [H]ere this court is presented with an administrative closure by the court below. District courts frequently make use of this device to remove from their pending cases suits which are temporarily active elsewhere (such as before an arbitration panel) or stayed (such as where a bankruptcy is pending). The effect of an administrative closure is no different from a simple stay, except that it affects the count of active cases pending on the court's docket; i.e. administratively closed cases are not counted as active. *See Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 392 [1st Cir. 1999] ("This method is used in various districts throughout the nation in order to shelve pending, but dormant, cases.").

*Mire v. Full Spectrum Lending Inc.*, 389 F.3d 163, 167 (5th Cir. 2004).

The Court emphasizes that, while its order today will remove the specified motions from its CJRA list of pending motions, it will regard the motions as once again pending as soon as the

Fifth Circuit issues its mandate in the Defendant's appeal. Once that occurs, the Court may request additional briefing from the parties regarding the status of the motions, but it will not prejudge any issues at this time.

It is therefore ordered that the Motion to Exclude Expert Testimony [71] and three Motions in Limine [89, 90, 91] are administratively closed until such time as the Fifth Circuit issues its mandate in the pending appeal.

**SO ORDERED** this the 14th day of February, 2024.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**